IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| CINDY LYNN JOHNSON, individually and on behalf of all others similarly situated, | CIVIL ACTION FILE NO. |
| Plaintiff, | |
| | **COMPLAINT – CLASS ACTION** |
| v. | |
| AUTOMOTIVE SERVICE CENTER, LLC, and PALMER ADMINISTRATIVE SERVICES, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Cindy Lynn Johnson (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. This case involves a campaign by Automotive Service Center, LLC ("Automotive Service Center") who made telemarketing calls for Palmer Administrative Services, Inc. ("Palmer") to market its services through telemarketing calls by contacting numbers on the National Do Not Call Registry in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

2.	Ms. Johnson also alleges that Automotive Service Center LLC uses automated systems to make telemarketing calls to Florida residents, and that by doing so, they have violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059 ("FTSA").

3.	The recipients of Automotive Service Center's illegal calls, which include Plaintiff and the proposed classes, are entitled to damages under the TCPA and FTSA, and because the technology used by Palmer makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4.	Plaintiff Cindy Lynn Johnson is an individual located in this District.

5.	Defendant Automotive Service Center, LLC is a California limited liability company that makes telemarketing calls into this District.

6.	Defendant Palmer Administrative Services, Inc. is a corporation.

## JURISDICTION AND VENUE

7.	This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. The Court has supplemental jurisdiction over the FTSA claims because they arise from the same calling campaign as the TCPA claim.

8.	This Court has specific personal jurisdiction over Automotive Service Center because the company made telemarketing calls into this District and Palmer Administrative Services served contracts in this District as a result of those calls.

9. Venue is proper pursuant to 28 U.S.C. § 1391 because the telephone calls at issue were into this District to sell services in this District.

## TCPA BACKGROUND

<u>The National Do Not Call Registry</u>

10. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. See 47 U.S.C. § 227(c)(5).

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

12. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

<u>The Florida Telephone Solicitations Act</u>

13. The Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059 was amended by Senate Bill No. 1120 on July 1, 2021.

14. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message

when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

15. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

16. Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

## FACTUAL ALLEGATIONS

17. Defendants are a "person" as the term is defined by 47 U.S.C. § 153(39).

18. Plaintiff's telephone number is assigned to a cellular telephone service.

19. That number is used for residential purposes and is used for personal purposes.

20. That number is not associated with a business and is not used for business purposes.

21. The Plaintiff registered her number on the National Do Not Call Registry in April of 2008.

22. Despite this, the Plaintiff received telemarketing calls from Automotive Service Center as part of its calling for Palmer, including on January 2, 4, 6, 9, 11, 16, 23, 24, 26, 30 and 31, 2023.

23. The Caller ID for the calls stated "ASC, LLC".

24. The ASC stands for Automotive Service Center.

25. The telemarketing calls mentioned the ability to sign up for Palmer's services.

26. The calls promoted a warranty that would cover vehicle repairs.

27. Those are services that Palmer offers.

28. The Plaintiff was not interested and ended the call.

29. Indeed, on at least four different occasions, the Plaintiff asked to no longer receive calls.

30. However, the calls continued.

31. The calls were not necessitated by an emergency.

32. The calls were sent with an automated system for the selection or dialing of telephone numbers as the Plaintiff answered the calls and there was a pause and audible click prior to anyone appearing on the line.

33. This audible click and pause is indicative of the automated system selecting a number to call and then transferring the call to the telemarketing representative.

34. Plaintiff and all members of the classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

**PALMER'S LIABILITY FOR AUTOMOTIVE SERVICE CENTER'S ACTIONS**

35. For more than twenty years, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

36. In 2008, the FCC likewise held that a company on whose behalf a telephone call is made bears the responsibility for any violations.

37. The FCC has instructed that sellers such as Palmer may not avoid liability by outsourcing telemarketing to third parties, such as Automotive Service Center:

6

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment, limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "sellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*In re DISH Network, LLC*, 28 FCC Rcd. 6574, 6588 ¶ 37 (2013) (footnotes and alteration marks omitted).

38. In 2013, the FCC held that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *Id.* at 6574 ¶ 1.

39. Palmer is liable for telemarketing calls placed by Automotive Services Center to generate customers for Palmer.

40. Palmer controls the day-to-day activities of Automotive Services Center telemarketing for Palmer.

41. Palmer restricts the geographic footprint into which Automotive Services Center can cause calls to be made.

42. Palmer provided the specific criteria for the leads Automotive Services Center generated and required them to adhere to those criteria.

43. Palmer knew or reasonably should have known that Automotive Services Center was violating the TCPA on Palmer's behalf but Palmer failed to take effective steps within its power to cause them to stop.

44. Automotive Services Center has been named as a defendant in lawsuits alleging that they violated the TCPA.

45. A reasonable seller whose telemarketers are the targets of repeated telemarketing complaints would and should investigate to ensure that its telemarketing complies with the TCPA.

46. The 2013 FCC ruling holds that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *In re DISH Network*, 28 FCC Rcd. 6592-93 ¶ 46. Evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593 ¶ 46.

## CLASS ACTION ALLEGATIONS

47. Plaintiff bring this action on behalf of themselves and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

> **Florida Telephone Solicitation Act Autodial Class:** All persons in the U.S., who, (1) received a telephonic sales call made from or to Florida regarding Defendants' goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff (3) since July 1, 2021.
>
> **Florida Telephone Solicitation Act Do Not Call Registry Class:** All persons in the U.S., who, (1) received a telephonic sales call regarding Defendants' goods and/or services, (2) to a number on Florida's no sales solicitation calls list (3) since July 1, 2021.
>
> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendants (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

48. Defendants and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

49. Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

## Numerosity

50. Members of the Class are so numerous that their individual joinder is impracticable.

51. On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Class number in the thousands.

52. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

53. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

## Commonality

54. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

55. Common legal and factual questions include, but are not limited to, whether Defendant have violated the Telephone Consumer Protection Act or Florida Telephone Solicitation Act (2) and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

### Typicality

56. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendants without giving them his consent to receive such calls.

### Adequacy of Representation

57. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class Members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.

58. The interests of Class Members will be fairly and adequately protected by Plaintiff and her counsel.

### Superiority

59. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

60. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

61. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system.  This strain on the parties and the

judicial system would be heightened in this case, given the complex legal and factual issues at play.

62. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

63. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

64. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violation of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059
### On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial Class

65. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 64 as if fully set forth herein.

66. Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendants.

67. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a

connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

68. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

69. Defendants failed to secure prior express written consent from Plaintiff and the Class Members.

70. In violation of the FTSA, Defendants made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

71. Defendanta made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

72. As a result of Defendants' conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## COUNT II
### Violation of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059
### On Behalf of Plaintiff and the Florida Telephone Solicitation Act National Do Not Registry Call Class

73. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 64 as if fully set forth herein.

74. Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act National Do Not Call Registry Class Members against Defendants.

75. It is a violation of the FTSA to "make or cause to be made any unsolicited telephonic sales call to any residential, mobile, or telephonic paging device telephone number if the number for that telephone" on the National Do Not Call Registry. *See* Fla. Stat. § 501.059(4).

76. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

77. Defendants failed to secure prior express written consent from Plaintiff and the Class Members.

78. In violation of the FTSA, Defendants made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent even though the Class members were on the National Do Not Call Registry.

79. As a result of Defendants' conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## COUNT III
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

80. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 64 as if fully set forth herein.

81. The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

82. The Defendants' violations were negligent, willful, or knowing.

83. As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf violations of the TCPA, 47 U.S.C.

§ 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

84. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendants from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry in the future;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA or FTSA and $1,500 for each knowing or willful violation; and

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff are a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

    D.    Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: March 28, 2023        PLAINTIFF, on behalf of herself and others similarly situated,

*/s/ Avi R. Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881